MAJOR, A MINOR, APPELLANT, v. BOWES, APPELLEE.

(No. 8126—Decided June 25, 1956.)

Mr. *Fred W. Murphy,* for appellant.
Messrs. *Lindhorst & Dreidame,* for appellee.

HILDEBRANT, J.   The trial court withdrew a juror and entered judgment for the defendant, dismissing plaintiff's petition, as at the close of plaintiff's case.   This appeal is on questions of law only.

The action was one for damages for personal injuries sustained by the plaintiff, a minor ten years of age, who, while riding her bicycle from east to west across Madison Road, in Cincinnati, Ohio, at the pedestrian crosswalk located at the junction of Madison Road and Appleton Street, dead-ending in Madison Road from the west and Brotherton Road dead-ending at the point from an angle to the northeast, collided with the automobile of the defendant at a point on the crosswalk.   The defendant, headed east on Appleton Street, was in the act of turning to her right to continue south on Madison Road, and from the record all parties were proceeding on a green light.

At the close of plaintiff's case, defendant made a proper motion for judgment, which was overruled.   Thereafter, the defendant presented her evidence.   The motion for judgment was renewed at the close of all the evidence, and overruled.   Thereafter, the court rescinded that action and took the case under

consideration, as if at the close of plaintiff's evidence, and, considering the motion made at that stage of the proceedings, withdrew a juror and granted the motion, the journal entry reciting that the plaintiff's action was dismissed and final judgment entered for the defendant.

While the bill of exceptions recites that defendant presented her case and both parties rested, it is limited to and contains only the testimony adduced by the plaintiff, plus one exhibit, being a picture of the bicycle after the collision.

The case went to trial upon an amended petition, an amended answer containing a general denial and alleging contributory negligence and violation of a city ordinance relating to bicycles, and a reply.

In going forward with defendant's case, the motion for judgment at the close of plaintiff's evidence was waived, and the action of the trial court in rescinding the ruling against the motion for judgment at the close of all the evidence, and, considering and disposing of the case as on the motion made at the close of plaintiff's evidence, was erroneous.

However, the record is devoid of any evidence as to just what did happen, the plaintiff testifying repeatedly that she never saw the automobile of defendant until after the collision, when she had attained a sitting position on the west curb of Madison Road, so that there is no substantial evidence at all of any negligence on the part of the defendant. The mere happening of the collision cannot in law supply the same.

Under these facts, the trial court had the right and the duty to enter judgment for defendant on her motion made at the close of all the evidence, so that the erroneous action of considering the case and arriving at the correct conclusion, as on the prior motion made at the close of plaintiff's evidence, cannot be, and is not, prejudicial to the appellant.

Therefore, the judgment is affirmed.

*Judgment affirmed.*

Ross, P. J., and MATTHEWS, J., concur.